```
                                    UNITED STATES BANKRUPTCY COURT
                                      SOUTHERN DISTRICT OF TEXAS
                                              ENTERED

                                           MAR 11 1997
```

IN THE UNITED STATES BANKRUPTCY COURT Michael N. Milby, Clerk
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

```
IN RE:
  STANLEY JOSEPH HERDZINA and MARIAN ADAIR HERDZINA    CASE NO. 96-50458-H3-13
  8030 LIBERTY ELM CT
  SPRING TEXAS
                     77379-0000
  a/k/a                                                 DATE: 02/17/97
        Debtor(s)
  SSN(1)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 SSN(2)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
-------------------------------------------------------------------------------
           ORDER CONFIRMING THE DEBTOR'S PLAN AND RELATED ORDERS
-------------------------------------------------------------------------------
```

After notice and a hearing, wherein the Court considered the matters on file herein, including the Summary and Analysis of Chapter 13 Plan, the recommendation of the Chapter 13 Trustee, and any objections to confirmation of the Plan, the Court finds that the Plan meets the requirements of 11 U.S.C., Sec. 1325(a), and should be confirmed.

IT IS ORDERED THAT:

1. The Debtor's Plan is confirmed.

2. The Debtor shall pay the sum of $ 50.00 per month to William E. Heitkamp, Trustee, payable in Houston, Harris County, Texas, on the 08th day of each month, beginning the 08th day of December, 1996, for a period of 36 months, or for a longer term if necessary to insure that all of the allowed claims provided for under the plan have been paid in accordance with the terms of the Plan, as modified by the terms of this order or other subsequent court order.

3. The Trustee shall make disbursements pursuant to provisions of the Plan as modified by this order, and Sec. 1326 of the Bankruptcy Code. The Trustee shall make disbursements monthly, unless otherwise provided by the Plan, but shall not be required to pay any dividend in an amount less than $15.00. Dividends not distributed because of this provision shall accumulate, and be paid when such accumulation aggregates $15.00 or more.

4. The debtor(s) shall not incur additional debt during the term of this Plan except upon written approval of the Trustee. Failure to obtain such approval may cause the claim for such debt to be unallowable and non-dischargeable.

5. The order of payment, unless otherwise directed, shall be:

    a. The percentage fee fixed for the Trustee pursuant to 28 U.S.C. Sec. 586(e);

    b. Any unpaid claim of the kind specified in Section 507(a) of Title 11 U.S.C.;

17

      c. Creditors whose claims are timely filed and allowed in such order of preference as may be provided by the Plan.

6. The following secured claims are known to the Court at this time and are allowed as follows:

| Name of Creditor | Claim or Sched. Amt. | Value of Collateral | Interest Rate | Monthly Payment |
|---|---|---|---|---|
| NONE | | | | |

The following secured claims are dealt with pursuant to 11 U.S.C. Sec. 1325(a)(5)(C):

| Name of Creditor | Claim Amt or Sch. Amt | Value of Collateral | Creditor Comment |
|---|---|---|---|
| NONE | | | |

The Debtor abandons all interest in the collateral securing the claim and will surrender possession thereof upon confirmation of the Plan.

7. This order may be entered prior to the expiration of the time within which claims may be filed. This order shall establish conclusive findings as to the value of a creditor's interest in the estate's interest in property securing a creditor's claim and shall be reviewable on such issue only upon a showing that the party seeking review had no reasonable notice of the valuation or the confirmation hearing. Except where limited by a determination of the value of the creditor's interest in the estate's interest in the collateral securing a claim, contained in this order, or a subsequent court order, the amount of a secured claim shall be determined pursuant to 11 U.S.C. Sec. 502.

8. In the event a claim is timely filed, and its treatment is not specifically addressed in either the plan or this order, the Trustee may either seek a modification of the plan, pay the claim, if doing so will not unfairly prejudice other creditors, or may seek a dismissal of the case if knowledge of the existence of the claim would have prevented the Trustee from recommending confirmation of the Plan at the time of the confirmation hearing.

9. The following special conditions apply to the Plan:

THE DEBTORS SHALL BE REQUIRED TO SEND TO THE TRUSTEE A TRUE AND CORRECT COPY OF THEIR FEDERAL INCOME TAX RETURNS FOR THE CALENDAR YEARS 1996, 1997, AND 1998 WITHIN THIRTY (30) DAYS FROM THE DUE DATE OF THE RETURN. THE TRUSTEE MAY SEEK MODIFICATION OF THE PLAN PURSUANT TO 11 U.S.C., SECTION 1329 IN THE EVENT OF A SUBSTANTIAL INCREASE IN

THE DEBTORS INCOME.

    10. Each secured creditor described herein shall retain the lien existing prior to the commencement of the case to secure payment of the allowed amount of its secured claim.

Signed this _10_ day of _Mar_, 19_97_.

_____
U.S. BANKRUPTCY JUDGE

APPROVED:

_____
WILLIAM E. HEITKAMP , TRUSTEE
ADMISSIONS ID NO. 3857
9821 KATY FREEWAY, SUITE 590
HOUSTON TX                                77024-0000
(713) 722-1220